IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DWAUN E. FLEMING, SR,

    Plaintiff,

v.

DR. JOSEPH P. CULLEN, et al.

    Defendants.

ORDER

Case No.  24-cv-357-wmc

---

DWAUN E. FLEMING, SR,

    Plaintiff,

v.

C.O. DAMAN, et al.

    Defendants.

ORDER

Case No.  24-cv-358-wmc

---

Plaintiff Dwaun E. Fleming, Sr, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted two proposed civil actions under 42 U.S.C. § 1983.  Plaintiff has filed a certified copy of a trust fund account statement in support of motions for leave to proceed without prepaying the filing fee.  After considering the motions and supporting documentation, I conclude that plaintiff qualifies for indigent status.

Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the filing fee pursuant to 28 U.S.C. § 1915(b)(1).  Using information from plaintiff's trust fund account statement for the six-month period preceding the complaint, I calculate plaintiff's initial partial payment for each case to be $47.06.  For this case to proceed, plaintiff must submit this amount for each case on or before June 25, 2024.

If plaintiff does not have enough money to make the initial partial payments from a regular inmate account, then plaintiff should arrange with prison authorities to make the payment from a release account. However, prison officials will draw funds first from the plaintiff's regular account, and then, if any portion of the payments remain, from the plaintiff's release account. *Carter v. Bennett*, 399 F. Supp. 2d 936 (W.D. Wis. 2005). Federal courts have no authority to order state officials to allow a prisoner to withdraw funds from a release account for any other purpose. *Id*.

ORDER

IT IS ORDERED that:

1. Plaintiff Dwaun E. Fleming, Sr is assessed an initial partial payment of $47.06 for case 24-cv-357-wmc and an initial partial payment of $47.06 for case 24-cv-358-wmc.

3. Plaintiff must submit a check or money order of $47.06 for each case (or one check for $94.12) payable to the clerk of court by June 25, 2024 or advise the court in writing why plaintiff is not able to make the initial partial payment. If plaintiff fails to make the initial partial payments by June 25, 2024, or fails to show cause why the payments could not be made, then I will assume that plaintiff wishes to withdraw the actions voluntarily. In that event, the cases will be dismissed without prejudice to plaintiff refiling at a later date.

3. No further action will be taken in the cases until the clerk's office receives the initial partial payments as directed above and the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is

complete, the court will issue a separate order.

Entered this 28th day of May, 2024.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge