IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DWAUN E. FLEMING, SR.,

        Plaintiff,

 v.                   OPINION and ORDER

JOSEPH P. CULLEN,          24-cv-357-wmc

        Defendant.

---

  Plaintiff Dwaun Fleming, Sr., is an inmate proceeding without counsel on Eighth Amendment and state-law medical malpractice claims against defendant Joseph Cullen for allegedly botching his hand surgery in October 2015, refusing his requests for additional treatment in 2016 and 2018, and leaving him in pain and in need of a bone replacement. Now plaintiff moves: (1) for leave to amend his complaint (dkt. #38); (2) to transfer venue to a more convenient forum (dkt. #67); and (3) for my recusal (dkt. #79). Defendant both opposes plaintiff's motions and affirmatively moves: to dismiss plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(1) and (6) for his failure to satisfy the state action requirement for constitutional claims under 42 U.S.C. § 1983, and his failure to file this action within the applicable statute of limitations period (dkt. #48); or alternatively, for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA") with respect to his constitutional claim (dkt. #45). For the reasons explained below, plaintiff's motions for recusal and for leave to amend will be denied, and defendant's motion to dismiss plaintiff's federal claim for lack of subject matter jurisdiction will be granted, making it unnecessary to address the parties' motions regarding the statute of limitations, exhaustion, and transfer of venue, which will be denied as moot. Finally, because

the court is dismissing plaintiff's federal law claim, it will decline to exercise supplemental jurisdiction over plaintiffs' state-law claim and close this case.

OPINION

I. **Recusal**

To begin, plaintiff contends in his motion for recusal that it would be a conflict of interest for me to preside over this lawsuit based on recent rulings regarding his requests for subpoenas and court assistance in recruiting counsel, both of which were unfavorable to plaintiff, apparently leading him to conclude that this court is somehow biased and prejudiced against him. *See* 28 U.S.C. §§ 144 and 455(a) and (b)(1) (judges must disqualify themselves in proceedings in which they have personal bias or prejudice and impartiality might be reasonably questioned). However, the fact that this court denied a few of plaintiff's motions in this case does not warrant my recusal. Far from it, unfavorable "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"; instead, "they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover, in making its rulings, this court has neither relied on any knowledge acquired outside the proceedings, nor displayed deep-seated and unequivocal antagonism that would render fair judgment impossible. *See id*. (explaining requirements for establishing bias and impartiality). Does this court harbor any bias or prejudice toward either side in this lawsuit. Having failed to establish *any* bias against him, plaintiff's motion for recusal will be denied.

## II. Jurisdiction

Next, to bring a claim for relief under 42 U.S.C. § 1983, plaintiff must establish that defendant was acting "under the color of state law" when he deprived plaintiff of a right secured by the Constitution or the laws of the United States. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). Here, both defendant and Theresa Parry, the practice administrator of the Hand to Shoulder Center of Wisconsin where plaintiff was treated by defendant, aver that: Cullen is a privately-employed surgeon with the Center; neither defendant nor the Center has ever had a contract or other agreement to provide medical care to inmates with the Wisconsin Department of Corrections or any of the institutions at which plaintiff has been incarcerated; and neither defendant nor the Center voluntarily accepted or assumed the responsibility to provide such care. (*See* dkt. ##49-50.) Further, plaintiff has failed to refute this evidence at summary judgment.

Instead, plaintiff focuses on the fact that he had an ongoing treatment relationship with Dr. Cullen *before* his incarceration, and Dr. Cullen terminated that relationship by refusing to see plaintiff *after* plaintiff was incarcerated. While plaintiff seeks to hold defendant liable under state law for this abrupt change in their relationship, plaintiff states no federal claim under § 1983, having offered no proof defendant was ever acting "under color of state law" during any of the events challenged in this lawsuit. More specifically, undisputed evidence shows that: plaintiff was not incarcerated when Dr. Cullen performed the allegedly botched surgery in October 2015; and Dr. Cullen did not assume any responsibility for plaintiff's care in either 2016 or 2018, when plaintiff sought treatment while incarcerated. Therefore, the court must dismiss plaintiff's federal claim without prejudice.

This leaves only plaintiff's state-law claim for medical malpractice, over which this court has no subject matter jurisdiction since it sounds in state law and plaintiff has not alleged or otherwise shown diversity jurisdiction exists over that claim. *See* 28 U.S.C. § 1332. Of course, "[w]hen federal claims drop out of the case, leaving only state-law claims," this court retains "broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims." *RWJ Mgmt. Co. v. BP Prods N. Amer., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012). Having been dismissed before trial, however, "the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Id*. at 479 (citation omitted).

Because plaintiff has failed to state a federal claim and neither party identifies any unusual circumstances that would justify retaining jurisdiction over plaintiff's state-law claim, the court will relinquish its supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Burritt v. Ditlefson*, 807 F.3d 239, 252 (7th Cir. 2015) (absent good grounds, the better practice is for a district court to relinquish supplemental jurisdiction over state claims once federal claims are dismissed).

Finally, while the court of appeals has warned district courts about dismissing a *pro se* litigant's complaint without giving the plaintiff a chance to amend, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), any amendment here would be futile. Accordingly, the case will be dismissed.

ORDER

IT IS ORDERED that:

1) Plaintiff Dwaun Fleming, Sr.'s motion for leave to amend his complaint (dkt. #38) and motion for recusal (dkt. #79) are DENIED.

2) Defendant Joseph Cullen's motion to dismiss (dkt. #48) plaintiff's federal claim for lack of subject matter jurisdiction is GRANTED and the federal claim is DISMISSED without prejudice.

3) Plaintiff's state-law medical malpractice claim is DISMISSED without prejudice under 28 U.S.C. § 1367(c)(3).

4) Plaintiff's motion to transfer venue (dkt. #67), defendant's motion to dismiss plaintiff's complaint on statute of limitations grounds, and defendant's motion for summary judgment on exhaustion grounds (dkt. #45) are DENIED as moot.

5) The clerk of court is directed to enter final judgment in favor of defendant and close this case.

Entered this 10th day of December, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge